IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**MONAE MILES,**
Plaintiff,

v.

**UNIVERSITY OF CHICAGO POLICE DEPARTMENT,**
**KYLE BOWMAN** (Chief), and
**SIKOLA MAXEY** (Chief Secretary),
Defendants.

FILED
MAR 24 2025 KC
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**Case No.:** [Leave Blank – Assigned by Court]
**JURY TRIAL DEMANDED**

1:25-cv-03122
Judge Joan H. Lefkow
Magistrate Judge Jeffrey Cole
Cat 2 Random Assignment

## COMPLAINT

Plaintiff **MONAE MILES**, by and through her undersigned counsel (or pro se), brings this lawsuit against Defendants **UNIVERSITY OF CHICAGO POLICE DEPARTMENT, CHIEF KYLE BOWMAN**, and **CHIEF SECRETARY SIKOLA MAXEY**, and states as follows:

## JURISDICTION AND VENUE

1. **Jurisdiction:** This action arises under **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. § 2000e, the **Driver's Privacy Protection Act (DPPA)**, 18 U.S.C. § 2721, the **Illinois Human Rights Act**, and other applicable laws.

2. **Federal Jurisdiction:** This Court has **federal question jurisdiction** under 28 U.S.C. §§ 1331 and 1343.

3. **Supplemental Jurisdiction:** This Court has **supplemental jurisdiction** over the Illinois state law claims under 28 U.S.C. § 1367.

4. **Venue:** Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this lawsuit occurred in **Chicago, Illinois**.

## PARTIES

5. **Plaintiff: MONAE MILES** is an adult resident of Chicago, Illinois, and at all relevant times was an employee of the **University of Chicago Police Department (UCPD).**

6. **Defendant UCPD: UNIVERSITY OF CHICAGO POLICE DEPARTMENT (UCPD)** is a law enforcement agency operating in Chicago, Illinois.

7. **Defendant Kyle Bowman: KYLE BOWMAN** is the current Chief of UCPD, responsible for overseeing department operations and ensuring compliance with employment laws.

8. **Defendant Sikola Maxey: SIKOLA MAXEY** is the Chief Secretary of UCPD, who engaged in unauthorized access through the **Government LEADS system** to Plaintiff's private motor vehicle records and engaged in acts of retaliation. Plaintiff reported this incident to her employer, and while they conducted an investigation, they failed to follow proper legal and procedural protocols. Plaintiff believes they dismissed the matter without due consideration, neglecting to ask if she wanted to pursue criminal charges. Their handling of the situation left Plaintiff without any protection, demonstrating **employer negligence** and a failure to uphold workplace policies regarding official misconduct and employee safety.

9. **Defendant LEADS (Law Enforcement Agencies Data System)** is the data system used by law enforcement agencies, including **UCPD**, that provides access to sensitive motor vehicle records and other law enforcement-related data. **LEADS** is subject to strict regulations regarding its use, and unauthorized access to its systems, as alleged in this case, constitutes a breach of both state and federal laws governing privacy and data security.

# FACTUAL ALLEGATIONS

## COUNT I – RETALIATION AND HOSTILE WORK ENVIRONMENT (Title VII, 42 U.S.C. § 2000e-3)

10. Plaintiff is an employee of **UCPD** and engaged in **protected activity** by filing complaints and grievances regarding **harassment, privacy violations, official misconduct, abuse of power, civil rights violations,** and **contract violations.**

11. On **June 28, 2024**, Defendant **Sikola Maxey** unlawfully accessed Plaintiff's **motor vehicle records**, violating Plaintiff's privacy and the **Driver's Privacy Protection Act (DPPA).**

12. **Maxey** also sent **threatening messages, pictures**, and **voicemails**, and engaged in **unprofessional behavior**, creating a **hostile work environment**.

13. On **January 27, 2025**, Defendant **Kyle Bowman** retaliated against Plaintiff after she filed a grievance concerning **contract violations**.

14. **Bowman** used his position of power and **intimidation tactics** and falsely accused Plaintiff of abusing **sick leave**, referencing **General Order 1014** to imply disciplinary action.

15. His actions have escalated to a point where Plaintiff feels her **reputation** and **character** are being unfairly targeted and questioned, causing significant distress. The **defamation** and **character assassination** Plaintiff has endured are unacceptable and have contributed to the **hostile work environment**.

16. **Plaintiff has suffered anxiety, emotional distress**, and a **loss of enjoyment** of her job and life as a result of Defendants' actions.

## Failure to Follow Proper Procedures and Investigative Protocols

17. Upon Plaintiff's **report of the unauthorized access** of her motor vehicle records and related misconduct by Defendant **Sikola Maxey**, the **UCPD** initiated an internal investigation. However, the department's handling of the matter was inadequate and violated established **procedural protocols**, demonstrating a lack of due diligence.

18. **UCPD** failed to conduct a thorough and impartial investigation into the alleged violations. The investigation was cursory and lacked the necessary depth to assess the extent of the violations.

19. Despite the gravity of the allegations, **UCPD dismissed the matter** without due consideration or the application of appropriate legal remedies. The department did not provide Plaintiff with clear and transparent information regarding the investigation's progress or outcomes.

20. Furthermore, the department **failed to offer Plaintiff the opportunity** to pursue criminal charges against Defendant **Maxey**, as is her right under both state and federal law. The failure to inform Plaintiff of this option reflects the department's **negligence** in handling the matter.

21. **As a result of these failures**, Plaintiff was left without any legal recourse or protection, compounding the harm caused by the original violations and perpetuating a **toxic and hostile work environment**.

22. The **negligent handling** of the situation demonstrated the department's disregard for its own **procedural requirements** and the well-being of its employees. The failure to ensure accountability for Defendant **Maxey's misconduct** directly contributed to Plaintiff's emotional distress and the ongoing harassment she faced.

## COUNT II – VIOLATION OF THE DRIVER'S PRIVACY PROTECTION ACT (DPPA, 18 U.S.C. § 2721) AND GOVERNMENT-MANDATED REGULATIONS (LEADS)

23. The **Driver's Privacy Protection Act (DPPA)**, 18 U.S.C. § 2721, prohibits the unauthorized access, use, or disclosure of an individual's private motor vehicle records by government employees and law enforcement personnel.

24. On **June 28, 2024**, Defendant **Sikola Maxey** unlawfully accessed Plaintiff's **confidential motor vehicle records**, including her **license plate number** and **personal vehicle information**, through the **Law Enforcement Agencies Data System (LEADS)** without a lawful or authorized purpose.

25. **Defendant Maxey's actions** were not related to any legitimate law enforcement function, making this access **illegal** and an **abuse of authority**, in violation of both federal and state privacy laws.

26. This **unauthorized access** constitutes violations of:

- The **DPPA**, 18 U.S.C. § 2721, which prohibits unauthorized access or disclosure of motor vehicle records;
- **Illinois Criminal Code**, 720 ILCS 5/33-3 (**Official Misconduct**), which criminalizes the abuse of official position for personal or unlawful purposes;
- **Illinois Criminal Code**, 720 ILCS 5/17-51 (**Computer Tampering**), which prohibits unauthorized access to electronic data systems, including LEADS.

26. Additionally, Defendant Maxey's actions violated **government-mandated regulations** governing the proper use of LEADS, which is strictly restricted to authorized law enforcement purposes.

27. **Defendant Maxey's misconduct** did not stop at unauthorized access. She further engaged in:

- **Electronic and in-person harassment**, in violation of 720 ILCS 5/26.5-3;
- **Stalking**, in violation of 720 ILCS 5/12-7.3; and
- **Cyberstalking**, in violation of 720 ILCS 5/12-7.5.

28. As a direct and proximate result of Defendant Maxey's unauthorized access and subsequent misconduct, Plaintiff suffered:

- **Loss of privacy**, as her personal vehicle information was improperly accessed;
- **Emotional distress**, caused by the misuse of confidential information by a colleague in a position of authority;
- **Violation of her federally and state-protected privacy rights**, entitling her to statutory and compensatory damages.

## COUNT III – FAILURE TO PAY WAGES (Fair Labor Standards Act & Illinois Wage Laws)

29. Plaintiff was entitled to **12 hours of personal holiday pay** as per Article 16, Section B of the **Collective Bargaining Agreement (CBA)**.

30. Plaintiff's grievance was upheld on **February 19th, 2025**, but Defendant has failed to issue payment for the 12-hour personal holiday pay owed.

31. Plaintiff's grievance centers around her entitlement to either take her requested **personal holiday** or be paid out for it, in accordance with Article 16, Section B of the collective bargaining agreement, which states: "Eligible Officers will be entitled to payment in lieu of a day off only if the department is unable to schedule time off before the year's end, and the Officer's request was made in accordance with departmental procedures for requesting time off."

32. This grievance has nothing to do with Plaintiff's **sick leave** usage. The implication regarding Plaintiff's sick leave is unfounded, and Plaintiff firmly believes that her leave was in full compliance with department policies.

33. Defendant **Kyle Bowman** referenced Plaintiff's **sick leave usage**, particularly when used in conjunction with regular days off, and implied that this could lead to corrective action under **General Order 1014**. However, this implication is unfounded. Plaintiff's grievance, filed in relation to her personal holiday, had nothing to do with her sick leave usage, and Plaintiff firmly believes her leave was in full compliance with department policies.

34. Additionally, Plaintiff was out on **doctor's orders** in September and took **vacation days** to recover from the ongoing stress caused by the hostile and uncomfortable working environment created by the actions of **Chief Kyle Bowman, Secretary Sikola Maxey**. This time away was necessary for Plaintiff's well-being.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. **Defendants engaged in extreme and outrageous conduct** by using their positions to **harass, retaliate**, and **intimidate** Plaintiff.

36. As a direct result, Plaintiff has suffered **severe emotional distress**, requiring **medical treatment** and **FMLA leave**.

# DAMAGES AND RELIEF REQUESTED

1. **$150,000** in **damages** for anxiety, emotional distress, retaliation, civil rights violations, privacy violations, and failure to follow proper legal and procedural protocols.

2. **Statutory damages** under the **DPPA** for unlawful access to Plaintiff's private motor vehicle records through the LEADS system, in violation of federal law.

3. **Compensatory damages** for the emotional and psychological distress caused by the misuse of Plaintiff's confidential vehicle information.

4. **Punitive damages** for Defendant Maxey's intentional misconduct and abuse of authority in accessing Plaintiff's private motor vehicle records.

5. **Injunctive relief** requiring Defendant UCPD to implement comprehensive policies and training to prevent misuse of LEADS.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable by a jury.

**Respectfully submitted,**

**MONAE MILES**
P.O Box 368508
Chicago, IL, 60637
Monaemiles05@gmail.com
773-372-2542
Pro Se Plaintiff

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/06/2025

To: Ms. Monae Miles
P. O Box 368508 , CHICAGO, IL 60636
Charge No: 440-2025-02837

EEOC Representative and email:    ERIC LAMB
Investigative Support Assistant
eric.lamb@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2025-02837.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
02/06/2025
Amrith Kaur Aakre
District Director