**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MONAE MILES,

            Plaintiff,

      v.

UNIVERSITY OF CHICAGO and KYLE
BOWMAN,

            Defendants.

No. 25 CV 3122

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff Monae Miles was a police officer at the University of Chicago. The chief of the University of Chicago Police Department, defendant Kyle Bowman, had a secretary who used her position to access Miles's motor vehicle records. The secretary then sent Miles threatening messages, pictures, and voicemails. After Miles reported the secretary, the University of Chicago investigated and asked the secretary to resign.

Miles sued the University of Chicago and Bowman for violations of the Driver's Privacy Protection Act, the Electronic Communications Privacy Act, the Occupational Safety and Health Act, the Fair Labor Standards Act, the Illinois Right to Privacy in the Workplace Act, the Illinois Stalking No Contact Order Act, and the Illinois Human Rights Act. Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons discussed below, the motion is granted.

## I.    Legal Standards

A complaint requires only "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.*

Complaints "need not anticipate and overcome affirmative defenses." *LJM Partners, Ltd. v. Barclays Cap., Inc.*, 165 F.4th 552, 562 (7th Cir. 2026) (quoting *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)). I may only dismiss a complaint based on an affirmative defense if a plaintiff pleads "himself out of court by including 'facts that establish an impenetrable defense to'" his claims. *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 640 (7th Cir. 2022) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)).

At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678.

## II.    Facts

Plaintiff Monae Miles worked as a police officer at defendant University of Chicago, where defendant Kyle Bowman was chief of police. [31] at 2.[1] Bowman's

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from plaintiff's amended complaint, [31].

chief secretary, Sikola Maxey,[2] had a personal relationship with someone at the police department and became suspicious of Miles's relationship with that person. [31] at 2–3 n.1. So, Maxey conducted surveillance of Miles's car during non-work hours, accessed Miles's motor vehicle information, and sent threatening messages, pictures, and voicemails to Miles. [31] at 2. Miles reported Maxey to the University of Chicago, and after an investigation, Maxey was asked to resign. [31] at 2–3.

Miles alleges that neither the University of Chicago nor Bowman mitigated or offered restitution to Miles after Maxey's actions. [31] at 3. Miles also alleges that Bowman retaliated against her by "improperly accusing her of abusing her sick and vacation time." [31] at 3.

## III.    Analysis

### A.    Fair Labor Standards Act

Defendants move to dismiss Miles's claims for retaliation under the Fair Labor Standards Act because they say that Miles has not alleged a protected activity under the Act.

The FLSA requires employers to pay nonexempt employees a minimum wage and overtime compensation. *E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 47 (2025); 29 U.S.C. §§ 206–07. The FLSA makes it "unlawful for any person ... to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or

---

[2] Maxey was named as a defendant to this lawsuit. I dismissed her as a defendant without prejudice after plaintiff failed to respond to an order to show cause why Maxey should not be dismissed for lack of service of process. [35].

related to [the FLSA]." 29 U.S.C. § 215(a)(3). To state a retaliation claim, a plaintiff must plausibly allege that: (1) she engaged in an activity protected under the FLSA; (2) her employer took an adverse employment action against her; and (3) there is a causal link between the two. *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 894 (7th Cir. 2018). A plaintiff must also hold an objectively reasonable, good-faith belief that her employer violated the FLSA. *Id.* at 895.

Miles says that the statute should be read broadly, and that her allegations that she complained about Maxey's actions were sufficient to allege an FLSA retaliation claim. But she makes no allegations at all that she engaged in activity protected under the FLSA. Her complaints to the University could "qualify as 'protected activity' under the Act *only* if 'a reasonable employer in [the University's] circumstances and armed with its knowledge of the relevant context would have had fair notice of [her] assertion of rights protected by the FLSA." *Id.* at 894 (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 972 (7th Cir. 2012)) (emphasis in original). "The rights protected by the FLSA are those found in the statute's wage-and-hours provisions." *Id.* at 894–95. But Miles does not allege that she was not paid minimum wage or overtime pay—the rights protected by the FLSA. *E.M.D. Sales*, 604 U.S. at 47; *Sloan*, 901 F.3d at 895. She does not allege that she complained about her employer's failure to follow the Act. Instead, she only alleges that Maxey "violated Ms. Miles's privacy and created a hostile work environment when she unlawfully accessed Ms. Miles's motor vehicle information and sent threatening messages, pictures, and voicemails to Ms. Miles." [31] ¶ 16. Absent any

allegation regarding the minimum wage or overtime compensation, there is no claim under FLSA. Even if Bowman and the University retaliated against Miles for reporting Maxey's conduct, that retaliation would not fall under the Fair Labor Standards Act. The Act does not protect from retaliation for *any* reason—only for complaining about violations of her rights protected under the Act. Because Miles does not allege that she complained of a violation of the FLSA, she has not alleged a protected activity under the Act.

To the extent that Miles alleges that she was retaliated against by being accused of abusing her sick and vacation time, this has not "triggered" her FLSA rights. Sick and vacation time are not compensable under the FLSA. *See, e.g., DeBraska v. City of Milwaukee*, 189 F.3d 650, 652 (7th Cir. 1999) (sick leave is not generally compensable time under the FLSA because "sick and injured [employees] are not fit to work, and are not 'engaged to wait' at home for work, and therefore are not working" (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 137 (1944)); *see also Cullotta v. United Surgical Partners Int'l, Inc.*, No. 19-cv-06490, 2021 WL 3367193, at *8 (N.D. Ill. Aug. 3, 2021) (collecting cases) ("[T]he FLSA does not require payment for time not worked, such as vacations, sick leave or federal or other holidays."). Miles has failed to state a claim for retaliation under the FLSA.

B. **Illinois Human Rights Act**

Defendants say that Miles's Illinois Human Rights Act claim should be dismissed because she has failed to plead that she exhausted her administrative remedies. Defendants attach a letter from the Illinois Department of Human Rights

5

saying its investigation into Miles's charge was ongoing as of November 14, 2025, in support of their argument. [39-1]. Miles attaches a right to sue letter from the Equal Employment Opportunity Commission. [43-1]. I may take judicial notice of public records, so I consider both. *Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025).

The Illinois Human Rights Act protects individuals from discrimination based on race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, disability, military status, sexual orientation, pregnancy, reproductive health decisions, unfavorable discharge from military service, citizenship status, or work authorization status in connection with their employment. 775 ILCS 5/1-102. The Act mirrors federal anti-discrimination statutes. *See Sanchez v. El Milagro, Inc.,* 176 F.4th 961, 968 (7th Cir. 2026) (Title VII and the Illinois Human Rights Act claims are analyzed the same way). The Act requires that a complainant exhaust her administrative remedies by filing a charge with either the EEOC or the Illinois Department of Human Rights. *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019). Defendants contend that only a right to sue letter from the Illinois Department of Human Rights demonstrates exhaustion. But the EEOC and the IDHR "have a work sharing arrangement providing that a charge filed with one is deemed cross-filed with the other." *Id.* at 564 n.5. There is evidence both that Miles exhausted her administrative remedies with the EEOC and did not exhaust with the Illinois Human Rights Department. The record before me is incomplete, so

I cannot say that Miles's complaint and the letters from the agencies establish an "impenetrable defense" to her claims. *Luna Vanegas*, 46 F.4th at 640.

But even if Miles exhausted her administrative remedies, she fails to state a claim under the Illinois Human Rights Act. To plead a claim for retaliation under the Illinois Human Rights Act, Miles must plausibly allege: (1) a statutorily protected activity; (2) a materially adverse employment action; and (3) a causal link between the two. *Gracia v. SigmaTron Int'l, Inc.*, 986 F.3d 1058, 1062 (7th Cir. 2021). "A complaint of discrimination is a protected activity … only if the discrimination is based on a protected characteristic like race." *Miller v. Chi. Transit Auth.*, 20 F.4th 1148, 1155 (7th Cir. 2021). Miles alleges that Bowman retaliated against her after she reported Maxey's actions by "falsely accused her of abusing sick leave and vacation time." [31] ¶ 37. But she does not allege that Maxey discriminated against her because of any protected characteristic, like race, color, religion, sex, or national origin, or any of the other protected characteristics listed in 775 ILCS 5/1-102. Instead, she alleges that Maxey violated her privacy by accessing her motor vehicle records and sending threatening messages, pictures, and voicemails about them. [31] ¶ 32. Without an allegation that Maxey's actions were taken because of one of Miles's protected characteristics, Miles's complaints about Maxey were not in opposition to practices under the Illinois Human Rights Act. She fails to allege that she engaged in a statutorily protected activity, and so does not state a claim for relief under the Illinois Human Rights Act. Her claim for retaliation under the Illinois Human Rights Act is dismissed.

## C. Occupational Safety and Health Act

Miles also alleges that defendants violated the Occupational Safety and Health Act. But there is no private right of action based on OSHA. *Sereda v. Nomad Freight, Inc.*, No. 25-1485, 2026 WL 511138, at \*2 (7th Cir. Feb. 24, 2026); *Mason v. Ashland Expl., Inc.*, 965 F.2d 1421, 1425 (7th Cir. 1992). Her OSHA claim is dismissed.

## D. Illinois Stalking No Contact Order Act

Miles alleges a violation of the Illinois Stalking No Contact Order Act, which protects victims of stalking. 740 ILCS 21/5, 21/15. The statute provides for a petition process to obtain a stalking no contact order when relief to the petitioner is unavailable under the Illinois Domestic Violence Act. 740 ILCS 21/15. An action under the Act begins when a person files a petition for a stalking no contact order in any civil court. 740 ILCS 21/20. Monetary damages are not recoverable as a remedy under the Act. 740 ILCS 21/80(d).

Miles is not seeking a stalking no contact order. Instead, she seeks monetary relief. But there is no civil action for monetary damages under the statute, and it does not appear there is a civil right of action for stalking. *See Johnson v. Hart*, No. 25-CV-00058-SPM, 2025 WL 1393815, at \*3 (S.D. Ill. May 14, 2025); *Mohammed v. Jenner & Block, LLP*, No. 21 cv 3261, 2022 WL 619851, at \*3 (N.D. Ill. Mar. 2, 2022) (stalking statutes in the Illinois Criminal Code do not authorize a civil right of action for stalking). Because there is no legally cognizable claim for monetary damages for stalking, Miles's claim under the Illinois Stalking No Contact Order Act is dismissed.

### E. Remaining Claims

Miles's remaining claims all fail for the same reason: she has pleaded herself out of court by alleging that "Maxey's actions were not related to any legitimate law enforcement or employment purpose." [31] at 2, ¶¶ 2, 7, 25.

An employer is generally accountable for the wrongdoing of an employee, but it can escape liability if it proves that the employee's action was committed outside the scope of her employment. *Bartenwerfer v. Buckley*, 598 U.S. 69, 82 (2023). Under Illinois law, there are three requirements for an employee's action to be within the scope of her employment: (1) the relevant conduct is of the kind that the employee was employed to perform; (2) the conduct occurred substantially within the time and space limits authorized by the employment; and (3) the conduct must have been motivated at least in part by a purpose to serve the employer. *Elston v. Cnty. of Kane*, 948 F.3d 884, 887 (7th Cir. 2020). All three criteria must be met; failing to establish any one of them is enough to place conduct outside the scope of employment. *Id.*

Miles argues that Maxey "without consent or authority, conducted surveillance of the Plaintiff's motor vehicle." [43] at 5. This is exactly the point that takes Maxey's conduct out of the scope of her employer's liability. Miles also argues that because Maxey engaged in this conduct while employed by the University of Chicago Police Department, and her actions were an abuse of authority of her position, that it was within the scope of her employment.

But Miles has pleaded that Maxey's actions were *not* related to any legitimate law enforcement or employment purpose, that Maxey acted without consent or

9

authority and during non-work hours, and that Maxey did so because she was suspicious of the relationship between Miles and another University of Chicago Police Department employee. These allegations foreclose any argument that Maxey acted within the scope of her employment in accessing Miles's motor vehicle information and sending threatening messages to Miles. Because Maxey's actions were outside the scope of her employment, the University of Chicago and Bowman cannot be vicariously liable for her actions. Miles's claims for violations of the Driver's Privacy Protection Act, Electronic Communications Privacy Act, and Illinois Right to Privacy in the Workplace Act are dismissed.

## IV. Conclusion

Defendants' motion to dismiss, [39], is granted. Miles's claims against Bowman and the University of Chicago are dismissed with prejudice.[3] All claims against all

---

[3] Although a plaintiff should typically have at least one opportunity to amend following dismissal, *Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 671–72 (7th Cir. 2023), plaintiff already had the chance to address defendants' arguments about her failure to allege a protected characteristic and her failure to allege an FLSA claim, which were raised in defendants' first motion to dismiss her original complaint, in drafting her amended complaint, so Counts IV and VII are dismissed with prejudice. *See Nelson-Godfrey v. Cook Cnty.*, 735 F.Supp.3d 976, 981 (N.D. Ill. 2024); *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (district court may deny leave to amend where plaintiff has had the opportunity to cure deficiencies). Because any amendment would be futile for her OSHA claim and Illinois Stalking No Contact Order Act because there are no private causes of action under those statutes, Counts III and VI are dismissed with prejudice. *Zimmerman*, 25 F.4th at 494. And because Miles has already had an opportunity to amend her complaint, her remaining claims in Counts I, II, and V are also dismissed with prejudice. *Id.*

defendants having been dismissed, the Clerk shall enter final judgment and terminate this civil case.


ENTER:

_____
Manish S. Shah
United States District Judge

Date: June 22, 2026

11